THE PEOPLE OF THE STATE OF ILLINOIS, Appellee,
v. NATHANIEL HAYES, Appellant.

*Opinion filed September 25, 1973.*

SAM ADAM, EDWARD M. GENSON and ARNETTE
R. HUBBARD, all of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Spring-
field, and BERNARD CAREY, State's Attorney, of
Chicago (JAMES B. ZAGEL, Assistant Attorney General,

and KENNETH L. GILLIS and RONALD F. NEVILLE, Assistant State's Attorneys, of counsel), for the People.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant, Nathaniel Hayes, was charged with unlawful use of weapons and unlawful possession of heroin. In a bench trial in the circuit court of Cook County he was convicted of the unlawful possession of heroin, but found not guilty as to the unlawful use of weapons. He was sentenced to the penitentiary for a term of 5 to 15 years. The defendant filed his notice of appeal on May 25, 1971. A constitutional question having been raised, the appeal came directly to this court under the provision of our rules then in effect. 43 Ill.2d R. 603.

On July 7, 1970, the defendant was observed by police officers slumped over the steering wheel of his automobile, which was parked in a "no parking" zone in the city of Chicago. The officers noticed a .38-caliber revolver on the front seat beside the defendant. After removing the revolver from the seat, one of the officers awoke defendant and asked him if the gun was registered. The defendant shrugged his shoulders and offered no reply. At the trial, it was stipulated that the defendant was then arrested for failure to register his weapon in compliance with an ordinance of the city of Chicago (Chicago Municipal Code, ch. 11.1, secs. 1—7 and 1—8), for failure to have in his possession a Firearm Owner's Identification Card as required by statute (Ill. Rev. Stat. 1969, ch. 38, par. 83—2(a)) and for unlawful use of a weapon (Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(4)). Following his arrest, a search was conducted of the defendant and a silver packet containing heroin was found inside his sock. Possession of this heroin is the basis for the charge of which the defendant was convicted.

The trial court denied the defendant's motion to suppress the heroin. The defendant contends that the trial

court erred in this ruling, because the officer did not have a search warrant or a warrant for the arrest of the defendant and did not have reasonable grounds to believe that he had or was committing an offense and thus lacked probable cause to arrest him. The defendant also contests the legality of his sentence.

The Criminal Code provides that no person may acquire or possess a firearm or firearm ammunition in this State without having in his possession a Firearm Owner's Identification Card. (Ill. Rev. Stat. 1969, ch. 38, par. 83—2(a).) An ordinance of the city of Chicago requires that both the possessor of a firearm and the firearm be registered and that the registration certificate be carried simultaneously with the firearm and that it shall be exhibited to any officer upon his demand for inspection. (Chicago Municipal Code, ch. 11.1, secs. 1—7 and 1—8.) The Criminal Code provides that a person commits the offense of unlawful use of weapons when he knowingly carries concealed in any vehicle or concealed on or about his person any pistol, revolver or other firearm. Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(4).

The conduct of the officers in arresting the defendant and conducting a search of his person was justified under the circumstances of this case. Their attention was called to the defendant by the fact that he was illegally parked. After finding a loaded firearm readily accessible to the defendant, sound investigative practices required that the officers make further investigation. The defendant's failure to produce proper registration certificates required under the statute and the ordinance justified placing the defendant under arrest and conducting the search. The defendant was lawfully arrested for the ordinance violation and for the violation of the statute relating to firearm owner's identification. The total picture which confronted the officer—the unusual conduct of the defendant, the presence of a loaded gun on the seat beside him and the fact that he did not have the required registration

certificates—fully justified a search of the defendant. The search and the subsequent seizure of the heroin will therefore be judged by the standards of a search and seizure incident to a lawful arrest.

Section 108—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1969, ch. 38, par. 108—1) provides that when a lawful arrest is made by an officer without a search warrant the officer may reasonably search the person arrested and the area within such person's immediate presence for the purpose of: (a) protecting the officer from attack; or (b) preventing the person from escaping; or (c) discovering the fruits of the crime; or (d) discovering any instruments, articles or things which may have been used in the commission of, or which may consitute evidence of, *an offense.*

The gist of the defendant's argument is that the officers had the right to search him only for the purpose of discovering weapons which could constitute a danger to them. He argues that when the officers felt the packet in his sock, the officer knew that it was not a weapon and therefore had no authority to seize it. The defendant's argument may have validity in a search without a warrant when probable cause to arrest is lacking. (See *Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868.*) However, where the defendant has been lawfully arrested, the search is not limited to the purpose of searching for weapons which may constitute a danger to the arresting officer. In *Terry,* the Supreme Court recognized that there is a distinction relative to the extent of the search authorized in the two situations and concluded that in a search incident to an arrest, a rather extensive search of the person for other than weapons is authorized. The provisions of our statute relating to searches incident to an arrest, referred to above, provide that the search of a person after he has been arrested is not limited to the extent the defendant contends.

This court considered a similar situation in *People v.*

*Holloman, 46 Ill.2d 311.* In that case the defendant was arrested for failure to have in his possession a valid driver's license. The arresting officer searched the defendant and uncovered an envelope containing heroin. The defendant was convicted and on appeal conceded the validity of the police officer's actions in searching him for weapons but contended that the search became unlawful when the arresting officer opened the envelope found on defendant's person and examined its contents. This court affirmed the defendant's conviction. We view the factual situation in the present case as even stronger support of the seizure than the facts in *Holloman.* The defendant's unusual conduct in being parked in a "no parking" zone slumped over the steering wheel, coupled with the fact that he had in his possession a loaded gun and his failure to produce the necessary registration certificates, justified the officer in searching the defendant. Under these circumstances the discovery of the packet in the defendant's sock, a location indicative of an attempt to conceal, justified the officer in seizing the items as possible fruits of criminal activity. The defendant's motion to suppress was properly rejected by the trial court.

The defendant also contends that his sentence was illegal. He was convicted under section 3 of the Uniform Narcotic Drug Act (Ill. Rev. Stat. 1969, ch. 38, par. 22—3), and sentenced as a subsequent offender to 5 to 15 years in the penitentiary (Ill. Rev. Stat. 1969, ch. 38, par. 22—40). The Uniform Narcotic Drug Act was repealed effective August 16, 1971, and replaced by the Illinois Controlled Substances Act (Ill. Rev. Stat. 1971, ch. 56½, par. 1100 *et seq.*). In *People v. Chupich, 53 Ill.2d 572,* under a similar situation, we held that the penalties provided in the Illinois Controlled Substances Act were applicable to cases pending on direct appeal on the effective date of the Act. The penalties provided for the possession of heroin under the Illinois Controlled Sub- stances Act are less than those provided for the same

offense under the Uniform Narcotic Drug Act. (See Ill. Rev. Stat. 1971, ch. 56½, par. 1402(b), and Ill. Rev. Stat. 1971, ch. 56½, par. 1410.) The case must therefore be remanded for resentencing.

Following the finding of guilty at the bench trial the court conducted a hearing in aggravation and mitigation which was primarily a discussion (not always germane to the proceedings) between the court, prosecutor, and defense counsel. During the discussion, certain previous convictions of the defendant for crimes of violence and a previous conviction for an offense involving narcotics were alluded to by both the court and the prosecutor. Defense counsel objected to the consideration of such statements in fixing the defendant's penalty in the absence of proof of these convictions. Finally the prosecutor stated to the court: "I am further reading 1958, December 11, Chicago, Illinois, narcotics violation for sale of heroin. 22 December, 1958, five years federal correctional institute, Milan, Michigan. He was released 12 July, 1962. That was before Judge Campbell, Your Honor." The prosecutor did not identify the document from which he was reading and it was not offered as evidence. The defense counsel objected to the statements by the prosecutor, objected to the reading from some unidentified hearsay document and denied that the defendant had been convicted of the offenses mentioned.

The court in passing on these objections expressed its disapproval of this court's holding in *People ex rel. Hanrahan v. Wilson, 48 Ill.2d 30,* but stated that under *Wilson* he was bound to consider these prior convictions. The trial court obviously misconstrued our opinion in *Wilson.* We did not in that case excuse the prosecution from proving a prior narcotics conviction when seeking the imposition of the enhanced penalty provided by statute for a subsequent offender. In *Wilson* the defendant admitted to the court that he had previously been convicted of a narcotics offense and there was no

objection by the defendant when the prosecutor read the defendant's previous convictions into the record from the record sheets of the Federal Bureau of Investigation and the Chicago Police Department. As the record stands in the case before us, we find no evidence of a prior narcotics conviction. Upon remand the court is directed to conduct a sentencing hearing as provided in section 5—4—1 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—4—1) and resentence the defendant under the applicable provisions of the Illinois Controlled Substances Act.

The judgment of the circuit court of Cook County is affirmed, the sentence is vacated, and the cause is remanded to the circuit court of Cook County for resentencing in accordance with the directions contained in this opinion.

*Affirmed and remanded, with directions.*