THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* ROBERT SCHERER, Defendant-Appellee.

(No. 12337;

Fourth District—November 6, 1974.

Basil G. Greanias, State's Attorney, of Decatur (Patrick M. Walsh, Assistant State's Attorney, of counsel), for the People.

Norman J. Fombelle, of Decatur, for appellee.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Following an arrest for unlawful transportation of liquor (Ill. Rev. Stat. 1971, ch. 95½, par. 11—502), defendant was subjected to a personal search which disclosed three packets of suspected cannabis. He was, thereafter, charged with unlawful possession of such in violation of section 4(d) of the Cannabis Control Act (Ill. Rev. Stat. 1971, ch. 56½, par. 704(d)). Under the authority of Supreme Court Rule 604(a)(1), the prosecution appeals from an order of the trial court suppressing the packets of cannabis as evidence.

Defendant was a passenger in the right front seat of a car driven by one Gagian which was stopped for speeding. When Officer Studebaker approached the car, he noticed the smell of alcohol on Gagian and the officer asked him to come back to the car in order to issue a speeding citation. Officer Ruble, who was waiting in the police car, testified that there was a strong smell of alcohol when Gagian sat in the squad car. Based upon a conversation with Gagian in the police car, Studebaker returned to the car to look for beer. Using a flashlight, Studebaker was able to see a container of beer in the front seat on the driver's side, whereupon Studebaker asked the passengers to step out of the car. When defendant, Scherer, stepped out of the car, Studebaker noticed a different container of beer overturned between defendant's legs. The defendant, Scherer, testified that there were four opened cans of beer in the car. At this time, Studebaker notified the subjects that they were under arrest and proceeded to search them. Three plastic bags of suspected marijuana and a package of gum paper were found on defendant, Scherer. Another package of suspected cannabis was found on a second passenger.

The trial court ruled that there was probable cause to stop the speeding car, that the smell of liquor on Gagian and his conversation with the arresting officers provided reason to return to the vehicle to inspect it for the presence of liquor, and that the observation of the open beer can in the car provided probable cause to arrest Scherer for illegal transportation of liquor. The court ruled, however, that the cannabis be suppressed as evidence for the reason that it was discovered by a search that was outside the purpose of a lawful search incident to this arrest, i.e., a search for weapons or for evidence of the offense for which the arrest was made.

We reverse upon the authority of *United States v. Robinson*, 414 U.S. 218, 38 L.Ed.2d 427, 94 S.Ct. 467, and *Gustafson v. Florida*, 414 U.S. 260, 38 L.Ed.2d 456, 94 S.Ct. 488. In *Robinson*, there was probable cause to arrest for driving with a revoked operator's license. Defendant was convicted of possession of marijuana found during a personal search made at the time of the arrest. In sustaining the conviction, the Supreme Court

reversed the court of appeals (*United States v. Robinson* (D.C. Cir. 1971), 447 F.2d 1215), distinguishing *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed.2d 889, 88 S.Ct. 1868, which dealt with a permissible "frisk" incident to an investigative inquiry based upon less than probable cause to arrest. The Supreme Court held that the fact of a lawful arrest establishes the authority for a full search of the person and that such a search is a reasonable search.

In *Gustafson,* there was a lawful arrest for failure to have a valid driver's license in possession. A full search incident to such arrest disclosed marijuana. In sustaining the conviction, the Supreme Court held that where there is a lawful arrest the officer was authorized to make a full search of the person even though the officer was not required to take such person into custody for the particular offense.

In *Gustafson* (414 U.S. at 263-264) and *Robinson* (414 U.S. at 235), the court stated that a full search was not limited to weapons on the person or to a search for evidence of the offense for which the arrest was made, but that "[i]t is the fact of the lawful arrest which establishes the authority to search * * *."

The same issue was presented and the same conclusion was reached in *People v. Hayes,* 55 Ill.2d 78, 302 N.E.2d 37. That opinion noted the scope of section 108—1 of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 108—1), which provides that upon a lawful arrest the officer may reasonably search the person for purposes including:

> "(c) Discovering the fruits of the crime; or (d) Discovering any instruments, articles, or things which may have been used in the commission of, or which may constitute evidence of, *an offense."* (Emphasis supplied.)

Any contrary constitutional claims are resolved in *Robinson* and *Gustafson.*

We concur in the finding of the trial court that there was probable cause to arrest defendant, but the order suppressing marijuana as evidence was reversible error.

The order suppressing evidence is reversed, and the cause is remanded for further proceedings not inconsistent with the views expressed.

Reversed and remanded.

SMITH, P. J., and SIMKINS, J., concur.