THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.*
MIGUEL GARCIA, Defendant-Appellee.

First District (3rd Division)   No. 62920

Opinion filed November 4, 1976.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Larry L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Dean S. Wolfson and Francis E. Andrew, both of Chicago (Lawrence J. Suffredin, Jr., of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Miguel Garcia, was indicted for the offenses of bribery and unlawful use of weapons. Prior to trial, defendant filed a motion to suppress the evidence. After a hearing, the trial court granted defendant's motion to suppress the evidence. Pursuant to Supreme Court Rule 604(a)(1) (Ill. Rev. Stat. 1973, ch. 110A, par. 604(a)(1)), the State appeals that order.

At the hearing, Officer Peter Kemmer of the Chicago Police Department testified that at about 4 a.m. on October 29, 1974, while on patrol with his partner, he observed a vehicle traveling at a high rate of speed in the city of Chicago. The officer was unable to determine the vehicle's exact speed. The vehicle pulled up to a curb and the officer drove past. After the officer had driven a short distance, he viewed the same vehicle in his rear view mirror making an illegal U turn. Officer Kemmer made a U turn and followed the vehicle. The vehicle was going 40 miles per hour in a 30 mile zone. The officer curbed the vehicle. He testified that he walked up to the vehicle and informed the defendant driver that he had made a U turn and was speeding. The officer then

asked defendant to produce a driver's license. The officer testified that defendant stated that he had no driver's license at that time. The officer placed defendant under arrest and instructed him to get out of the vehicle. When defendant emerged from the vehicle, Officer Kemmer searched him and found on his person a fully loaded nine millimeter Brown automatic gun. Kemmer further testified that he was not afraid of Garcia when he stopped the vehicle nor was he in fear of his own safety or the safety of others when he ordered Garcia out of the vehicle. Garcia did not struggle nor attempt to flee.

Officer James Eldridge, Kemmer's partner, testified that he remained in the squad car after defendant's vehicle was stopped. He watched Kemmer and defendant engage in a brief conversation and then witnessed defendant get out of his vehicle. Eldridge saw Kemmer search defendant and take a gun from him.

At the hearing, defendant testified that he was stopped by two police officers. The officers asked for his driver's license. The officers never told defendant that he had committed a traffic violation. One of the officers ordered him out of his automobile and, without saying anything, searched defendant. The officer found a gun and some money.

At the conclusion of the hearing, the trial judge observed that the police officers were "completely candid and honest." Relying on a holding of this court, *People v. Palmer* (1974), 22 Ill. App. 3d 866, 318 N.E.2d 206, the trial court granted the motion to suppress the evidence. Since the trial court's decision in the present case, this court's *Palmer* holding was overruled by the supreme court. *People v. Palmer* (1976), 62 Ill. 2d 261, 342 N.E.2d 353.

In our view, this matter is governed by a holding of the United States Supreme Court which is factually indistinguishable from the present case. (*Gustafson v. Florida* (1973), 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488.) In *Gustafson*, the court held that, where defendant had been arrested for driving without a valid driver's license in his possession, a complete search of his person was valid and legal. The *Gustafson* decision followed another holding of the court. (*United States v. Robinson* (1973), 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467.) In *Robinson*, the court held that where a police officer had probable cause for custodial arrest of a defendant for operating a motor vehicle after revocation of his driver's license, a complete search of defendant's person was permissible. Also see *People v. Symmonds* (1974), 18 Ill. App. 3d 587, 310 N.E.2d 208; *People v. Cannon* (1974), 18 Ill. App. 3d 781, 310 N.E.2d 673.

In the present case, the testimony of the police officer, which the trial court found to be true, disclosed that he placed defendant under arrest for not having a driver's license in his possession. Under the holding of *Gustafson*, the subsequent search of defendant was permissible. The

trial court erred in granting defendant's motion to suppress the evidence.

Accordingly, the order of the circuit court of Cook County suppressing the evidence is reversed, and the cause is remanded for further proceedings not inconsistent with the holdings of this opinion.

Order reversed and remanded.

MEJDA, P. J., and McGLOON, J., concur.