THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID ZELLER, Defendant-Appellant.
Third District   No. 76-153

Opinion filed August 31, 1977.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

James R. Fritze, State's Attorney, of Watseka (Gale C. Coil, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Following a bench trial in the Circuit Court of Iroquois County, defendant David Zeller was convicted of possession of a controlled substance and sentenced to one to three years in the penitentiary. The sole issue on appeal is whether the trial court erroneously refused to suppress evidence obtained as a result of a warrantless search of defendant's person.

At a hearing on defendant's motion to suppress, Illinois State Trooper Donald Thompson testified that at 7:15 p.m. on September 14, 1975, he stopped an automobile because of a defective headlight. Two males occupied the front seat, and defendant was the sole back seat passenger. After Thompson, the driver, and the front seat passenger had inspected the faulty headlight and the driver had been ticketed, Thompson noticed a can of beer on the front seat and a puddle of liquid on the floor in the front part of the car. Suspecting the three men of transporting open liquor, Thompson ordered defendant out of the car and told the suspects to wait near the car while he searched it. Thompson found one open and one sealed can of beer in the front portion of the car, but found no liquor in the back seat or trunk. A second open can of beer was recovered just outside of the car. Thompson then announced that all three men were under arrest and would have to accompany him to the station.

Next, Thompson patted down the outer clothing of each arrestee for weapons because, as he testified, the suspects were milling about the car as he searched it, and he did not feel he could safely turn his back on them. He felt a hard metallic object in the pocket of defendant's Levi jacket, and removing it discovered a tight wad of tinfoil containing three packets of a substance later identified as phencyclidine. His search of the suspects produced no weapons. Convinced of his safety, Thompson

loaded the two passengers into the back of his squad car and followed the driver of the vehicle to the station.

At the station house defendant was charged with possession of a controlled substance, and the other two men were charged with transporting open liquor. Although defendant testified at the suppression hearing that Thompson did not arrest him for transporting open liquor, the trial judge resolved this factual issue in favor of the prosecution and ruled that the drugs had been lawfully seized.

■■■ Defendant concedes that Thompson's initial action in stopping their vehicle was valid. However, he challenges Thompson's justification for searching the car. Despite some strong doubts over defendant's standing to raise this issue (see *People v. Rakas* (3d Dist. 1977), 46 Ill. App. 3d 569, 360 N.E.2d 1252), we think the State has waived any objection it may have had by not objecting at the suppression hearing. (See *People v. Edwards* (4th Dist. 1974), 21 Ill. App. 3d 354, 315 N.E.2d 91.) Consequently we will assume for purposes of this appeal that defendant has standing to challenge Thompson's search of the vehicle.

The general rule was stated in *People v. Robinson* (1976), 62 Ill. 2d 273, 276, 342 N.E.2d 356, 358, as follows:

> "There is probable cause when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a man of reasonable caution in believing that an offense has been committed and that the person arrested has committed the offense. (*People v. McCrimmon*, 37 Ill. 2d 40, 43.) This court observed in *People v. Jones*, 31 Ill. 2d 42, 47, that '* * * reasonable cause means something less than evidence which would result in a conviction, and it is also established that reasonable cause may be founded upon evidence that would not be admissible at trial.' "

According to the opinion in *People v. Tassone* (1968), 41 Ill. 2d 7, 10, 241 N.E.2d 419, 421, *cert. denied* (1969), 394 U.S. 965, 22 L. Ed. 2d 567, 89 S. Ct. 1318, "Whether a search and seizure is reasonable depends upon whether the officer's action was justified at its inception and whether it was reasonably related in scope to the circumstances which justified initial interference with a defendant's personal security."

■■ The reasonableness of the officer's actions must be measured objectively (*People v. Owens* (1969), 41 Ill. 2d 465, 244 N.E.2d 188), and we think that Thompson's actions in this case clearly pass muster under *Tassone.* After lawfully stopping defendant and his companions for a traffic violation, Thompson noticed a can of beer and a puddle of liquid in plain view on the floor of the left front carpet of the car. He suspected that open liquor was being transported. Although Thompson did not detect the odor of alcohol, we believe his decision to search the vehicle

based solely on the presence of a can of beer and a puddle was reasonable. Furthermore, the mere fact that the beer and puddle were viewed in the front portion of the car did not render Thompson's search of the entire car, including the trunk, unreasonable.

While the determination of reasonableness depends upon the particular facts involved (*People v. Jones* (1967), 38 Ill. 2d 427, 231 N.E.2d 580), comparison of Thompson's actions with other cases involving warrantless automobile searches clearly indicate that he acted with probable cause. (*E.g., People v. Glass* (1st Dist. 1977), 49 Ill. App. 3d 617, 364 N.E.2d 405; *People v. Henry* (2d Dist. 1977), 48 Ill. App. 3d 606, 363 N.E.2d 112; *People v. Corrigan* (4th Dist. 1977), 45 Ill. App. 3d 502, 359 N.E.2d 1107; *People v. Wiggins* (1st Dist. 1976), 45 Ill. App. 3d 85, 358 N.E.2d 1301; *People v. Scherer* (4th Dist. 1974), 23 Ill. App. 3d 473, 318 N.E.2d 760; *People v. Symmonds* (4th Dist. 1974), 18 Ill. App. 3d 587, 310 N.E.2d 208.) Furthermore, *People v. Lichtenheld* (2d Dist. 1976), 44 Ill. App. 3d 647, 358 N.E.2d 694, cited by the defendant, involved a situation where the officer searched the defendant's auto without any articulable reason for doing so, and is, of course, distinguishable. On a motion to suppress illegally seized evidence the defendant carries the burden of establishing that the search was illegal. (*People v. Berg* (1977), 67 Ill. 2d 65, 364 N.E.2d 880.) Based on the record, we conclude that the trial judge correctly held that defendant failed to establish the illegality of the instant warrantless automobile search.

■■ Defendant, however, maintains that even if the search of the car was justified, Thompson lacked probable cause to arrest him for transporting open liquor because the only liquor seized from the car was found in the front seat area. Defendant argues that the evidence was not sufficient to support a conviction for a charge of transporting open liquor. This argument begs the point because, as we noted above, the test of probable cause for arrest is not whether the officer reasonably believes there is a likelihood of ultimate conviction. Furthermore, the offense of transporting open liquor includes passengers as well as drivers. (Ill. Rev. Stat. 1975, ch. 95½, par. 11—502.) Given the presence of three cans of liquor, two of which were open, in the immediate vicinity of the car, we have no doubt that Thompson had probable cause to arrest defendant and his companions even if such evidence could not have resulted in a conviction.

■■■ Having determined that both the search of the automobile and defendant's arrest for transporting open liquor were valid, we hold that under the authority of *United States v. Robinson* (1973), 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467, and *Gustafson v. Florida* (1973), 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488, the drugs seized from the defendant were the product of a lawful search incident to arrest. As stated in *Robinson*:

"It is the fact of the lawful arrest which establishes the authority to search, and we hold that in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." 414 U.S. 218, 235, 38 L. Ed. 2d 427, 441, 94 S. Ct. 467, 477.

Defendant maintains that the *Robinson* and *Gustafson* cases only apply to full custodial arrests. We note, however, that while the term "custodial arrest" is used in the above-quoted passage, the *Robinson* rule was applied in *Gustafson* where the officer was not required to take the arrestee into custody. In any event, we do not view this language as a problem in the instant case because Thompson testified that he was required to transport to the station house persons arrested for transporting open liquor, and thus a custodial arrest was involved here.

Defendant also contends that the *Robinson* and *Gustafson* decisions are not the law in Illinois. We disagree. Section 108—1 of the Code of Criminal Procedure of 1963 authorizes the search of an arrestee for a variety of reasons, including to protect the officer from attack. (Ill. Rev. Stat. 1975, ch. 38, par. 108—1(a)-(d).) The cases of *People v. Hayes* (1973), 55 Ill. 2d 78, 302 N.E.2d 37 and *People v. Holloman* (1970), 46 Ill. 2d 311, 263 N.E.2d 7, indicate that in Illinois broad search and seizure powers incidental to arrest predated both *Robinson* and *Gustafson*. The more recent cases of *People v. Garcia* (1st Dist. 1976), 43 Ill. App. 3d 757, 357 N.E.2d 190, *People v. Scherer* (4th Dist. 1974), 23 Ill. App. 3d 473, 318 N.E.2d 760 and *People v. Hering* (4th Dist. 1975), 27 Ill. App. 3d 936, 327 N.E.2d 583 indicate that Illinois law, including section 108—1, continues to be consistent with the United States Supreme Court decisions.

Accordingly, the judgment of the Circuit Court of Iroquois County is affirmed.

Judgment affirmed.

BARRY and SCOTT, JJ., concur.