THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* TERRY MORRISON, Defendant-Appellee.

First District (1st Division)    Nos. 76-1699, 76-1700 cons.

Opinion filed February 6, 1978.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Richard J. Barr, Jr., Assistant State's Attorneys, of counsel), for the People.

Rick Halprin, of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Terry Morrison, was charged in separate complaints with possession of cannabis and possession of a controlled substance. (Ill. Rev. Stat. 1975, ch. 56½, pars. 704(a) and 1402(b).) Prior to trial, defendant moved to suppress the evidence on which these charges were based on the ground that it was illegally obtained. The trial court granted the

motion and the State has appealed. (Ill. Rev. Stat. 1975, ch. 110A, par. 604(a)(1).) On appeal, the only question is whether the trial court was correct in granting defendant's motion to suppress the evidence.

Chicago police officer Louis Drakulich testified he observed defendant and one other person in the front seat of a vehicle at 63rd and Halsted Street in Chicago. There was extensive damage to the left front of defendant's vehicle. The left front tire leaned out at a 45-degree angle, causing the vehicle to "crab" down the street. He stopped the vehicle and notified defendant of the nature of the violation and asked to see defendant's drivers license to issue a citation for driving an unsafe vehicle. The defendant was unable to produce a license. Defendant said, "I don't have one." The officer then placed her under arrest for driving an unsafe vehicle and failure to produce a drivers license. He told her she was under arrest and her gentleman passenger would have to drive the car to the station. When defendant got out of the car holding her purse, the officer opened the purse and observed foil packets. He found three foil packets containing white powder and five brown envelopes containing crushed, green plants. In his opinion, based on eight years as a police officer and more than one hundred narcotics arrests, the tinfoil packets and the envelopes contained narcotics. After he seized these items, defendant showed him a traffic ticket she had utilized in lieu of her drivers license. However, Officer Drakulich also testified that, when a traffic stop is made and defendant produces a ticket instead of a drivers license, the suspect must be taken to the station to post a cash bond or the suspect will remain in jail. Although the amount of the bond is preset, the suspect cannot give the money to a police officer on the street.

The trial court heard extensive argument concerning the validity of the warrantless search of defendant under these circumstances. Since defendant did not produce the ticket when she was asked for a drivers license, the court found the officer had the right to make a protective search, for the officer's safety, but that the search that was conducted went beyond the reasonable bounds of a protective search. There was also extensive argument concerning whether the officer had probable cause to believe that only a petty offense was being committed, that is, failure to produce a license upon request, or whether the officer had probable cause to believe that a misdemeanor had been committed. (Ill. Rev. Stat. 1975, ch. 95½, pars. 6—101(a) and 6—601.) The court found there was no misdemeanor involved in defendant's motor vehicle violations.

On appeal, the State argues that the search of defendant's purse was proper because a full search of the person of an arrestee is authorized when that person is arrested and taken into custody under the doctrine of *United States v. Robinson* (1973), 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct.

467, and *Gustafson v. Florida* (1973), 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488. Moreover, the State urges that the search of defendant, including her purse, was proper under *People v. Palmer* (1976), 62 Ill. 2d 261, 342 N.E.2d 353, and *People v. Watkins* (1960), 19 Ill. 2d 11, 18-19, 166 N.E.2d 433, because the facts reasonably suggested that the officer was dealing not with an ordinary traffic violator, but with a criminal. Finally, the State maintains that the search of defendant's purse was valid because the traffic stop of defendant was proper, thus authorizing a limited search of defendant's person for the safety of the arresting officer under *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (see also *People v. McGowan* (1977), 69 Ill. 2d 73, 370 N.E.2d 537), and the search of defendant's purse was within the scope of such a limited protective search.

Defendant maintains that the trial court ruled that defendant's failure to possess a drivers license was not a misdemeanor and that she was arrested for a petty offense, failure to produce a valid drivers license on demand. (Ill. Rev. Stat. 1975, ch. 95½, pars. 6—101(a) and 6—112.) Such a violation under Illinois law, she argues, does not constitute grounds for a custodial arrest of a suspect and, consequently, a search of her person was not authorized under *Gustafson v. Florida* (1973), 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488, and *United States v. Robinson* (1973), 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467. Defendant also contends that the facts here did not justify a belief on the part of the arresting officer that he was dealing with anyone more than an ordinary traffic violator, so that *People v. Palmer* (1976), 62 Ill. 2d 261, 342 N.E.2d 353, and *People v. Watkins* (1960), 19 Ill. 2d 11, 166 N.E.2d 433, are distinguishable. Finally, defendant urges that, if a limited search for the protection of the officer was justified under *Terry v. Ohio* (1968), 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868, the search of defendant's purse, to the extent of discovering the foil packets and then opening them and the envelopes, exceeded the permissible bounds of such a limited search.

Primarily, defendant, in summarizing the respective positions, maintains that a misdemeanor offense will justify a custodial arrest but a petty offense will not justify a custodial arrest. The State responds that the arresting officer did have probable cause to believe defendant had committed a misdemeanor traffic offense, not merely a petty traffic offense, and that, in any event, the officer had to take defendant into custody, even if only for the purpose of transporting her to the police station to post bond.

■■ The evidence supports the State's argument that the officer had probable cause to arrest defendant and did arrest her for a misdemeanor. The supreme court said recently, in *People v. Wipfler* (1977), 68 Ill. 2d 158, 165, 368 N.E.2d 870, that the elements of a valid arrest are present

when the police inform the defendant of a violation, he submits to their control, the officer intends to effect the arrest and the defendant so understands the officer. When the defendant in this case was unable to produce a drivers license, the officer placed her under arrest and told her he would have to transport her to the station. The officer made a custodial arrest, took defendant into custody and searched her.

■■ Probable cause for arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a man of reasonable caution in believing defendant has committed an offense and such factors may constitute something less than evidence which would result in a conviction. (*People v. Zeller* (1977), 51 Ill. App. 3d 935, 937, 367 N.E.2d 488.) In this case, the fact that defendant said she did not have a license established probable cause for the officer's belief that she was committing a misdemeanor under the Illinois Vehicle Code (Ill. Rev. Stat. 1975, ch. 95½, pars. 6—101(a), 6—601(c)1), even though defendant produced a valid substitute for a drivers license after the officer had discovered the envelopes and tinfoil packets. See Ill. Rev. Stat. 1975, ch. 95½, pars. 6—101(a), 6—301.7, 6—601(a), 6—601(c)1; *People v. Cannon* (1974), 18 Ill. App. 3d 781, 785, 310 N.E.2d 673.

■■ Several recent cases have involved almost identical fact situations in which the driver of a vehicle was lawfully stopped for a routine traffic violation. When the driver did not produce a valid drivers license, it was held that this was sufficient authorization for a custodial arrest under Illinois law, thus justifying a full search of the defendant's person under the decisions of the United States Supreme Court in *United States v. Robinson* (1973), 414 U.S. 218, 38 L. Ed. 2d 427, 94 S. Ct. 467, and *Gustafson v. Florida* (1973), 414 U.S. 260, 38 L. Ed. 2d 456, 94 S. Ct. 488. *People v. Cannon* (1974), 18 Ill. App. 3d 781, 310 N.E.2d 673; *People v. Williams* (1975), 28 Ill. App. 3d 189, 328 N.E.2d 89; *People v. Garcia* (1976), 43 Ill. App. 3d 757, 357 N.E.2d 190; *People v. Zeller* (1977), 51 Ill. App. 3d 935, 367 N.E.2d 488.

■■■ In the present case, once the officer was informed by the defendant that she did not have a drivers license, he had probable cause to believe defendant was subject to a custodial arrest. His subsequent actions in actually placing her under custodial arrest justified his conducting a full search of her person, including, in this instance, her purse. As the United States Supreme Court observed in *Robinson* under quite similar circumstances, the possible danger to an officer because of "the extended exposure which follows the taking of a suspect into custody" is "adequate basis for treating all custodial arrests alike for purposes of search justification." (414 U.S. 218, 234-35, 38 L. Ed. 2d 427, 440, 94 S. Ct. 467, 476; *cf.* also *Pennsylvania v. Mimms* (1977), ___ U.S. ___, 54 L. Ed. 2d 331, 98 S. Ct. 330.) It is clear that the purse which

defendant held in her hand was within the scope of this search. (*People v. Sailor* (1969), 43 Ill. 2d 256, 259-60, 253 N.E.2d 397; *People v. Campbell* (1977), 67 Ill. 2d 308, 367 N.E.2d 949.) The trial court erred in granting a motion to suppress.

For the reasons stated, the order granting defendant's motion to suppress is reversed and the cause is remanded for further proceedings.

Reversed and remanded.

GOLDBERG, P. J., and McGLOON, J., concur.