THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EUGENE O. SALTER, Defendant-Appellant.

First District (4th Division) Nos. 79-1471, 79-1492 cons.

Opinion filed December 11, 1980.

---

James J. Doherty, Public Defender, of Chicago (Thomas W. Murphy, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Adrienne Nobel Nacev, and Thomas A. Gibbons, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE LINN delivered the opinion of the court:

Defendant, Eugene Salter, was convicted by a jury of possession of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1402(b)) and unlawful use of weapons (Ill. Rev. Stat. 1975, ch. 38, par. 24—1 (a)(4)). He was sentenced to 30 months probation for the narcotic's offense and a concurrent term of 1 year probation on the weapon's conviction. On appeal defendant contends that the trial court erred in denying his motion to suppress the evidence that was recovered from a bag[1] located on the back seat of the auto he was driving, and that the court erred in allowing the State to amend a defect in the indictment charging him with possession of a controlled substance.

We reverse, the motion to suppress should have been allowed.

At the hearing, on defendant's motion to quash his arrest and suppress evidence, defendant testified that on May 11, 1977, at approximately 7 a.m., he was driving north on Halsted Avenue when he was stopped by a Glenwood police officer for driving his car with a bent license plate. The officer requested defendant's driver's license, and,

---

[1] Reference is alternatively made throughout the record to a bag, satchel or purse. For purposes of consistency, we shall refer to the item as a "bag."

when he was unable to provide one, the officer asked him to step out of the car. Defendant produced a letter from the Secretary of State which indicated that his license had been revoked but that he was eligible to apply for reinstatement of his driving privileges. Defendant testified that he took this letter out of the glove compartment of the car before he was stopped because he saw the officer coming. Defendant also stated that once he was out of the car, the officer searched it, including the trunk, and retrieved a locked bag from the back seat. He testified that the officer opened it with a key which he found in the car and recovered a revolver and certain substances which were inside.

The arresting officer testified that when defendant could not produce a valid driver's license in response to his request, he asked defendant to step out of the car. He stated that, as he approached the car, he observed defendant reach back into the bag and pull out the letter regarding the suspended license which defendant gave to the officer. He further stated that he retrieved the bag from the back seat which contained a snub-nosed revolver and packets of substances later proved to be cannabis and cocaine. The officer issued two citations to defendant for driving on a suspended driver's license and improper display of State license plates, and stated that he followed the common police procedure under these circumstances of arresting the subject and transporting him to the station, inventorying the contents of the car, and towing the car if it was parked on a major street. On cross-examination the officer stated that he did not see anything in the bag when he first came up to the car, that he had not radioed for assistance, and that, when he found the contents in the bag, defendant was standing in front of the car. In addition, he stated that he reached for the bag because he was going to place defendant under arrest and had to tow the vehicle, and there had to be an inventory search and a protective search of the area. The court denied the motion and found that the testimony revealed a "reasonable stop, a reasonable inquiry and the discovery of a revoked license which would support the subsequent procedures."

Over defense counsel's objection the State was allowed to amend count 1 of the indictment on December 19, 1978, to conform the indictment to the evidence heard by the grand jury. The court allowed the indictment to reflect "cocaine" as the controlled substance with which defendant was charged rather than "heroin" as stated in the indictment. A jury trial commenced on March 22, 1979, and defendant was found not guilty of possession of cannabis but guilty as to possession of a controlled substance and unlawful use of weapons. This appeal follows.

Defendant contends that the seizure and search of his bag from the back seat of the car he was driving was a violation of his fourth amendment rights and cannot be justified under the inventory search

exception to the warrant rule. He concedes that the bag was properly secured in the search because it was in plain view, however, the contents were not. In addition, he asserts that the inspection into the bag was unnecessary to accomplish the inventory and there were no exigent circumstances present at the time to justify the warrantless search. The State argues that the record does not support defendant's contention that the trial court premised its ruling that the search was proper as an inventory search, and further that it was proper as incident to a lawful custodial arrest.

We are of the opinion that under the facts and circumstances of this case the search cannot be justified under either exception and was in fact unreasonable.

■■ In a recent ruling the supreme court held that the procedure of inventorying the contents of a suitcase found in a lawfully impounded vehicle is, in the absence of exigent circumstances, unreasonable and therefore in violation of the fourth amendment. (*People v. Bayles* (1980), 82 Ill. 2d 128, ___ N.E.2d ___.) The court stated that in considering the validity of an inventory search, the fact that the procedure was one customarily followed is a factor which would support a finding of reasonableness, but that it is not conclusive, and must be balanced against the objectives which the United States Supreme Court set out in *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092. Thus, an inventory search is justified where it is necessary for the protection of the owner's property while it remains in police custody, the protection of the police against claims or disputes over lost or stolen property, or for the protection of the police from potential danger. *South Dakota v. Opperman* (1976), 428 U.S. 364, 49 L. Ed. 2d 1000, 96 S. Ct. 3092.

■■ Applying these objectives to the case at bar, we find there is no showing that the officer was in danger or that he feared for his safety, and that the other two objectives could have been achieved in a less intrusive manner (see *People v. Bayles* (1980), 82 Ill. 2d 128, ___ N.E.2d ___). The record indicates that there was no exigent circumstances present which would justify a search of defendant's bag. Therefore, we find that the search was unreasonable as an inventory search, and the evidence should have been suppressed.

The bag could have been seized under the "plain view" doctrine if it was discerned as contraband. However, this was not the case, and since its contents were not visible, further justification would be necessary for the intrusion into the bag. The defendant testified at the hearing on the motion to suppress that one compartment of the bag was locked and that the officer opened it with a key found in the search of the car. The other

compartment was zippered. At trial the officer indicated that after recovering the bag he searched it. No further references were made as to whether the bag was open, zippered or locked, but the officer did admit that the contents were not visible as he viewed the bag from the outside of the car.

The State maintains, however, that the search may be justified as one incident to an arrest. We do not believe the record supports this contention.

It is clear that when an arrest is effectuated, an officer may search the arrestee's person and the area within his immediate control, *i.e.*, the area from within which he might gain possession of a weapon or destructible evidence (*Chimel v. California* (1969), 395 U.S. 752, 23 L. Ed. 2d 685, 89 S. Ct. 2034); and that where circumstances reasonably indicate the police may be dealing with a criminal rather than with an ordinary traffic violator, a search of the driver and his vehicle is authorized in order to insure the safety of the police officers and to prevent an escape. *People v. Thomas* (1964), 31 Ill. 2d 212, 201 N.E.2d 413.

██ In the case at bar, the State argues that the bag was within easy reach and in the immediate control of the defendant. The record indicates that the bag was in the back seat, and that when defendant was ordered to step out of the car, he complied and stood in front of the car. Unlike the situation in *People v. Morrison* (1978), 57 Ill. App. 3d 468, 373 N.E.2d 520, the defendant did not have the bag on his person when he stepped out of the car, and there is no indication that he had access to it after that. Under these circumstances, we do not believe it reasonable to maintain that the bag was within the immediate control of the defendant and so subject to a warrantless search. (See *People v. Valdez* (1980), 81 Ill. App. 3d 25, 400 N.E.2d 1096; and *People v. Hendrix* (1974), 25 Ill. App. 3d 339, 323 N.E.2d 505.) While the officer had cause to arrest the defendant for driving on a revoked license, and consequently to secure the automobile and its contents, we do not find any exigent circumstances which would justify the warrantless search of the bag. There is no showing that the officer had reason to believe this incident was anything more than a traffic matter, nor that the search was necessary to insure the safety of the police officer or to prevent the defendant from escaping. As the court stated in *People v. Bayles* (1980), 82 Ill. 2d 128, 141:

> "The mere fact that the container is found in a vehicle or is seized subsequent to an arrest based upon probable cause will be insufficient to bring the warrantless search within the automobile exception or the search-incident-to-an-arrest exception."

We conclude that it was error for the court to deny the motion to suppress, and, since the convictions could not have been obtained without

this evidence, they must be reversed. Since we have come to this conclusion, we find it unnecessary to address the second issue presented by defendant on appeal.

The judgment of the circuit court of Cook County is reversed.

Reversed.

JOHNSON and ROMITI, JJ., concur.