Lorenzo **FERNANDEZ,**
**Plaintiff–Appellant,**

v.

Gregorio **PEREZ, Defendant–Appellee.**

No. 89–3746.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 27, 1990.

Decided July 19, 1991.

Jan Susler, G. Flint Taylor, Peoples Law Office, Chicago, Ill., for plaintiff-appellant.

Kelly R. Welsh, John F. McGuire, Carolyn A. Bird, Nina Puglia, Asst. Corp. Counsel, Office of the Corp. Counsel, Appeals Div., Chicago, Ill., for defendant-appellee.

Before CUMMINGS, COFFEY and MANION, Circuit Judges.

COFFEY, Circuit Judge.

The plaintiff Lorenzo Fernandez alleges that Chicago Police Officer Gregorio Perez arrested him without probable cause and proceeded to maliciously prosecute him on

various weapons charges, in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. The plaintiff appeals the district court's finding that Officer Perez had probable cause to arrest the plaintiff and thus was entitled to qualified immunity and that a malicious prosecution claim cannot be brought under § 1983. We affirm.

## I.

### FACTS AND DISPOSITION BELOW

Plaintiff Lorenzo Fernandez's 42 U.S.C. § 1983 complaint against Chicago Police Officer Gregorio Perez alleged that on July 24, 1988, the plaintiff was a passenger in a friend's car that stopped to pick up a man the plaintiff had never met. This individual placed an opaque plastic grocery bag in the trunk of the car and closed the trunk, and never made mention of either the bag nor its contents. A short time thereafter, his friend (the driver) stopped the car, and the three men began to drink beer. Officer Perez approached the car, pat-searched all three men, and found metal-piercing bullets in the pockets of the individual whose identity was unknown to Fernandez. Officer Perez then obtained the key to the trunk from the driver, opened the trunk, and found a handgun loaded with metal-piercing bullets inside a grocery bag.[1] He then arrested and handcuffed all three men.

Officer Perez took the three men to a police station where they were questioned. At the station, the man whose identity was unknown to Fernandez admitted to the police that he owned the gun. The plaintiff Fernandez was charged a short time later with four gun-related offenses: two were misdemeanors; one, a city ordinance violation; the other, the unlawful use of metal-piercing bullets, a felony.[2] The plaintiff's bond was set at $15,000, which he was unable to meet, and he remained in jail for thirty days. On August 23, 1988, Fernan-

dez was taken to court, and an assistant state's attorney *nolle prossed* the three state charges and non-suited the city charge. Thereafter, he was released to the Immigration and Naturalization Service, who in turn released him the same day.

The plaintiff Fernandez filed suit against Officer Perez on July 18, 1989, alleging false arrest/imprisonment and malicious prosecution. The district court granted Officer Perez's motion to dismiss some four months later, finding that Officer Perez was entitled to qualified immunity on the false arrest/imprisonment claim, ruling that he had probable cause to arrest the plaintiff and that the common law tort claim of malicious prosecution does not give rise to a federal constitutional violation under § 1983.

## II.

### ISSUES FOR REVIEW

The plaintiff presents two issues for review: 1) did the district court err in granting Officer Perez qualified immunity on the false arrest/imprisonment claim; and 2) did the court err in dismissing the § 1983 malicious prosecution claim.

## III.

### DISCUSSION

We review the district court's dismissal of the plaintiff's complaint *de novo*, "accepting as true all well-pleaded factual allegations and the inferences reasonably drawn from those facts." *Kush v. American States Insurance Co.*, 853 F.2d 1380, 1382 (7th Cir.1988).

#### False Arrest/Imprisonment

■ Initially, the plaintiff argues that the district court erred in finding that Officer Perez should be entitled to qualified immunity for the plaintiff's false arrest/im-

---

1. The plaintiff's complaint does not challenge the legality of the search, and therefore, we need not address it.

2. Ill.Rev.Stat. ch. 38 Sec. 24–2.1(a) provides that "[a] person commits the offense of unlawful use

of metal piercing bullets when he knowingly manufactures, sells, purchases, *possesses, or carries any metal piercing bullet.*" (emphasis added).

prisonment claim. Fernandez contends the law at the time of the arrest was clearly established that probable cause to arrest him was lacking.

"[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). Therefore, whether Officer Perez is protected by qualified immunity depends on the "objective legal reasonableness" of his actions in arresting the plaintiff. *Id.* at 819, 102 S.Ct. at 2738. The plaintiff bears the burden of demonstrating the existence of the allegedly "clearly established" constitutional right. *Davis v. Scherer*, 468 U.S. 183, 197, 104 S.Ct. 3012, 3021, 82 L.Ed.2d 139 (1984). However, if Officer Perez has probable cause to arrest the plaintiff, this serves as an absolute bar to the plaintiff's claim for false arrest/imprisonment. *Friedman v. Village of Skokie*, 763 F.2d 236, 239 (7th Cir.1985).

In a similar case, the defendant was a passenger in a car stopped by federal agents at a border checkpoint on suspicions of transporting illegal aliens. *United States v. Heiden*, 508 F.2d 898 (9th Cir. 1974). A search of the trunk revealed a 110–pound bag of marijuana. The agents then arrested the driver and the defendant passenger. The defendant claimed that the agent was without probable cause to arrest him. The court stated:

"The officers had probable cause to arrest [the defendant] because they reasonably believed that he was involved in the transporting of 110 pounds of marijuana. The officers were not required to believe his explanation that he did not know about the marijuana. Whether [the defendant] could later establish that he was only a passenger and did not know about the marijuana was no reason for the officers to let him go free." *Id.* at 901.

In another similar factual situation, the defendant was in the back seat of an automobile that had been stopped because of a defective headlight. *People v. Zeller*, 51 Ill.App.3d 935, 10 Ill.Dec. 100, 367 N.E.2d 488 (1977). Noticing open liquor bottles in the front seat, the police officer arrested all three occupants for transporting open liquor. The defendant claimed that because he was seated in the back seat, the police officer lacked probable cause to arrest him for transporting open liquor since the only liquor seized from the car was found in the front seat area. The court held that "[g]iven the present (sic) of three cans of liquor, two of which were open, in the immediate vicinity of the car, we have no doubt that [the police officer] had probable cause to arrest defendant and his companions even if such evidence could not have resulted in a conviction." *Zeller*, 10 Ill.Dec. at 103, 367 N.E.2d at 491.

Officer Perez discovered a handgun loaded with metal-piercing bullets in the trunk of a car in which the plaintiff was one of the occupants and was drinking beer and in addition, metal-piercing bullets were found on the person of one of the other passengers. Since none of the parties was able to produce evidence of registration of the gun with the bullets in the magazine, the person who owned the bullets was therefore committing a felony. Obviously, absent an explanation to the contrary, the bullets were the property of one, two or all three of the occupants of the car. Therefore, Officer Perez had probable cause to arrest the plaintiff as well as the other two occupants and as a result, the plaintiff is unable to meet his burden of demonstrating the existence of the allegedly "clearly established" constitutional right that was violated. *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. *See also Davis*, 468 U.S. at 197, 104 S.Ct. at 3021 (plaintiff bears the burden of demonstrating the existence of the allegedly "clearly established constitutional right").

The plaintiff further contends that Officer Perez should have released him after hearing the admission of the individual whose identity was unknown to Fernandez that the bullets and the gun belonged to him. As mentioned earlier, it is obvious

that the bullets could have been owned by any of the passengers or might very well have been jointly possessed, and since Officer Perez did not have to believe the statements of the individual who had already been caught with metal-piercing bullets in his pocket, he was under no obligation to release Fernandez. In *Heiden,* the court determined that where the defendant was an occupant in a car that contained a 110–pound bag of marijuana in the trunk, the fact that the defendant "could later establish that he was only a passenger and did not know about the marijuana was no reason for the officers to let him go free." *Heiden,* 508 F.2d at 901. Similarly, whether the plaintiff Fernandez could at a later time establish that the bullets were not his was not a sufficiently compelling reason for Officer Perez to release him at the station. Thus, Officer Perez acted reasonably in arresting and detaining him and enjoys qualified immunity for the arrest and imprisonment of the plaintiff.

### Malicious Prosecution

 The plaintiff next argues that the district court erred in dismissing the plaintiff's 42 U.S.C. § 1983 malicious prosecution claim on the basis "that the common law tort claim of malicious prosecution does not give rise to a federal Constitutional wrong remedied by § 1983." The plaintiff contends that the question of whether a malicious prosecution action may be brought under § 1983 remains unresolved in the Seventh Circuit. However, we need not address this issue in light of our finding in the previous section that Officer Perez had probable cause to arrest the plaintiff: "[T]he existence of probable cause for arrest is an absolute bar to a Section 1983 claim for unlawful arrest, false imprisonment, or *malicious prosecution.*" *Schertz v. Waupaca County,* 875 F.2d 578, 582 (7th Cir.1989) (emphasis added) (citing *Mark v. Furay,* 769 F.2d 1266, 1269 (7th Cir.1985)). In *Mark,* we noted that "[t]his court has consistently held that the existence of probable cause for an arrest totally precludes any section 1983 claim for unlawful arrest, false imprison-

ment, or *malicious prosecution,* regardless of whether the defendants had malicious motives for arresting the plaintiff." *Mark* at 1268–69 (emphasis added). Thus, the existence of probable cause for arrest is an absolute bar to the plaintiff's § 1983 claim for malicious prosecution against Officer Perez. *Smith v. City of Chicago,* 913 F.2d 469, 473 (7th Cir.1990).

### IV.

### CONCLUSION

The district court properly determined that Officer Perez had probable cause to arrest the plaintiff and was entitled to qualified immunity. Since we are convinced that Officer Perez had probable cause to arrest the plaintiff on the weapons charges, the district court's action in finding this to be an absolute bar to the plaintiff's § 1983 claim of malicious prosecution was proper. The decision of the district court is

AFFIRMED.