4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
ROBERT E. GUTIERREZ, Plaintiff-Appellant,
v.
ALLEN MAY, Sergeant, Defendant-Appellee.
 No. 91-3448.
 United States Court of Appeals, Seventh Circuit.
 Argued June 7, 1993.
Decided Aug. 25, 1993.
 
 1
 Before BAUER, Chief Judge, KANNE, Circuit Judge, and ALDISERT, Senior Circuit Judge[1].
 
 ORDER
 
 2
 Robert E. Gutierrez sued Chicago police officer Allen May pursuant to 42 U.S.C. Sec. 1983 ("section 1983"). He alleges violations of his federal constitutional rights and Illinois law. Gutierrez appeals from the district court's dismissal of his complaint. We affirm.
 
 I.
 
 3
 The facts alleged in the complaint, which we accept as true, are as follows. On Saturday, November 3, 1990, Gutierrez brought his six year old son Raymond to the emergency room at Our Lady of Resurrection Hospital in Chicago. When he arrived at the hospital, Gutierrez placed the unconscious Raymond on a gurney and told hospital staff that his son was dying and had been diagnosed as having a brain tumor. Gutierrez alleges that shortly after he arrived, an unidentified male grabbed his right arm. Gutierrez did not know the man, but noticed he was wearing a white shirt. The man persisted and grabbed Gutierrez three times. Gutierrez responded by punching the man once, knocking him to the floor.
 
 
 4
 Gutierrez exhibited other violent behavior while at the hospital, including shouting that he wanted to watch x-rated videos. Gutierrez refused to lower his voice, berated doctors and nurses with threats of lawsuits, and thereby alarmed patients and health-care personnel in the hospital's emergency room area.[2]
 
 
 5
 Eventually, two nurses approached Gutierrez and held him in a "supportive manner." Complaint at p 11. The nurses asked him to leave the emergency room so that they could work on Raymond. Gutierrez left with one of the nurses and went to a waiting room. Gutierrez apologized to the nurse for hitting the man. The man Gutierrez punched came into the waiting room and told Gutierrez that he was "going to go to the joint." Id. at p 15. Gutierrez complained to a nurse who told the man to leave the waiting room. A man who identified himself as the head of hospital security met with Gutierrez and the two of them discussed the incident for about forty-five minutes.
 
 
 6
 Sergeant May arrived and demanded to see Gutierrez. May ordered Gutierrez to leave the emergency room area and told Gutierrez that he was under arrest for battery. Gutierrez told May that hospital personnel had decided not to press any charges and that May should therefore leave him alone. May directed another officer to handcuff Gutierrez and escort him to a waiting squad car. Gutierrez verbally insulted May at least twice during this incident. May drove Gutierrez to the Read State Mental Hospital and executed papers to commit Gutierrez to that facility. He was released three days later.
 
 II.
 
 7
 We review the dismissal of Gutierrez's complaint de novo. Crane v. Logli, 992 F.2d 136, 138 (7th Cir.1993). To state a valid section 1983 claim, the complaint must allege that May acted under color of state law to deprive Gutierrez of rights, privileges, or immunities secured to him by the Constitution or laws of the United States. Id. Gutierrez claims that May violated his Fourth and Fourteenth Amendment rights because May did not have probable cause to arrest him and commit him to Read. We consider first whether the arrest was proper and then whether May had probable cause to commit Gutierrez to Read.
 
 
 8
 First, May had probable cause to arrest Gutierrez if, at the time of the arrest, the facts and circumstances within May's knowledge and of which he had reasonably trustworthy information were sufficient to warrant a prudent person in believing that Gutierrez had committed or was committing an offense. Beck v. Ohio, 379 U.S. 89, 91 (1964); Chathas v. Smith, 884 F.2d 980, 987 (7th Cir.1989), cert. denied, 493 U.S. 1095 (1990). The district court held that May had probable cause to arrest Gutierrez because Gutierrez punched someone. We agree that Gutierrez's punch was sufficient to warrant a prudent person in believing that Gutierrez had committed the offense of battery. Gutierrez's hostile behavior towards other hospital personnel and towards May strengthen this conclusion. We therefore conclude that May had probable cause to arrest Gutierrez. Gutierrez's section 1983 claim is therefore barred with respect to the arrest. Fernandez v. Perez, 937 F.2d 368, 371 (7th Cir.1991).
 
 
 9
 Gutierrez alleges that May violated his rights because May was motivated by personal hostility towards Gutierrez when May arrested him. Even if this allegation is true, Gutierrez's claim is still barred because the Supreme Court has applied an objective standard in qualified immunity cases. Hunter v. Bryant, 112 S.Ct. 534, 536 (1991). So long as a reasonable police officer would have believed probable cause existed for Gutierrez's arrest, malicious motives for arresting a section 1983 plaintiff are legally irrelevant. Id.; Fernandez, 937 F.2d at 371.
 
 
 10
 Second, Gutierrez contends that even if probable cause for the arrest on battery charges existed, probable cause for the involuntary commitment did not. A civil commitment is a seizure and, like an arrest, may be made only upon probable cause. Villanova v. Abrams, 972 F.2d 792, 795 (7th Cir.1992). Probable cause for a civil commitment exists only if there are reasonable grounds for believing that the person seized is subject to seizure under the governing legal standard. Id. at 795. The governing legal standard in this case, Illinois law, authorized May to involuntarily commit Gutierrez if, as a result of his personal observation, May had "reasonable grounds to believe that [Gutierrez was] subject to involuntary admission and [was] in need of immediate hospitalization to protect [Gutierrez] or others from physical harm." 405 I.L.C.S. 5/3-606. See also 405 I.L.C.S. 5/1-119(1) (defining a person subject to involuntary admission as one "who is mentally ill and who because of his illness is reasonably expected to inflict serious physical harm upon himself or another in the near future.")
 
 
 11
 May's actions satisfy these standards. The appellant exhibited violent behavior at Our Lady of Resurrection Hospital, inexplicably yelled about pornographic movies, refused to lower his voice, and berated the hospital staff. He also made threats of lawsuits in such a loud voice that he alarmed emergency room patients and insulted May at least twice. Because of these facts, we believe May had reason to believe that Gutierrez would be better served in a mental health facility than in jail. We agree with the district court that May had probable cause to arrest Gutierrez and commit him to Read. May is accordingly immune from suit by Gutierrez. See Sherman v. Four County Counseling Ctr., 987 F.2d 397 (7th Cir.1993) (where plaintiff's constitutional rights not violated, police officer shielded from liability under doctrine of qualified immunity). See also McKinney v. George, 726 F.2d 1183 (7th Cir.1984) (constitutional standards satisfied when, pursuant to Illinois law, police seized plaintiff and transported him to mental hospital for involuntary commitment after plaintiff threatened neighbors with knives and ran naked through halls).
 
 
 12
 Finally, we conclude that the district court properly dismissed Gutierrez's remaining state law claims for lack of supplemental jurisdiction. 28 U.S.C. Sec. 1367(c)(3). See also Vukadinovich v. Board of Sch. Trustees, 978 F.2d 403, 414-15 (7th Cir.1992) (district court properly exercised its discretion when, after dismissing section 1983 claim, court dismissed state law claims as well).
 
 
 13
 The decision of the district court to dismiss Gutierrez's complaint is
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The Honorable Ruggero J. Aldisert, Senior Circuit Judge for the Third Circuit, is sitting by designation
 
 
 [2]
 The facts contained in this paragraph are taken from commitment papers May executed after he arrested Gutierrez. Gutierrez attached these papers to his complaint and does not contest their accuracy. We therefore accept these facts as true. See Exhibit A to Record Document 1