THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JAMES WILLIS, Defendant-Appellant.

First District (4th Division)  No. 62061

Opinion filed June 23, 1976.—Rehearing denied July 14, 1976.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

After a bench trial in the Circuit Court of Cook County on December 5, 1974, the defendant, James Willis, was convicted of failing to possess an Illinois Firearm Owner's Identification Card in violation of section 2 of "An Act relating to * * * possession * * * of firearms * * *" (Ill. Rev. Stat. 1973, ch. 38, par. 83—2), unlawful possession of firearms in violation of section 24—3.1 of the Illinois Criminal Code (Ill. Rev. Stat. 1973, ch. 38,

par. 24—3.1), and failure to possess a city firearm identification card in violation of section 11.1—7 of the Municipal Code of Chicago. He was sentenced to the House of Correction for a term of six months and fined $100.

The issues on appeal are whether the search resulting in the production of the weapon was illegal and whether the reception of such evidence was plain error.

At trial Officer Brennan testified that on the evening of November 2, 1974, he proceeded to 10721 South Prairie in the City of Chicago, to search for a man "possibly known as Jimmy, possibly in possession of a firearm." He saw the defendant standing in the doorway of that address and conducted a protective search on the stoop. He found a loaded .32-caliber revolver. Officer Brennan testified the defendant was uncooperative and would give no information. The defendant did not produce any registration for the weapon and was taken to the 5th District Police Station. The gun was sent to the ballistics laboratory to determine whether it had been fired, but the officer stated he never received a report.

The defendant testified he was inside the house cleaning the revolver when the doorbell rang. He put the gun in his clothes and went to the door. He stated the front door was open but that a glass door remained closed. The officer asked him if his name was Jimmy, and he replied that it was James. The officer asked him to stand away from the door, opened it and entered the house, where he searched him. The officer did not ask him if he lived at that address or whether he had been involved in any disturbance on the street.

The defendant's counsel made no motion to suppress and did not object to the introduction of the weapon into evidence.

■■ The defendant contends the search which resulted in finding the weapon violated his Fourth Amendment rights because the police officer had neither a search warrant nor probable cause. Probable cause exists when the facts and circumstances within the arresting officer's knowledge, and of which he has reasonable and trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in believing that an offense has been committed, and that the person arrested is guilty. *People v. Bates* (1973), 9 Ill. App. 3d 882; *People v. Higgins* (1972), 50 Ill. 2d 221.

■■ In this case the fact that the officer was looking for a man "possibly known as Jimmy" who was "possibly in possession of a firearm," does not constitute probable cause to conduct a search in the home of an individual. The uncertainty of the officer's information, together with the lack of suspicious behavior on the part of the defendant, who was either in his house or standing in the doorway, is not enough to

bypass the constitutional requirement for a search warrant. In *McDonald v. United States* (1948), 335 U.S. 451, 454, 93 L. Ed. 153, 158, 69 S. Ct. 191, the United States Supreme Court stated, "Where, as here, officers are not responding to an emergency, there must be some compelling reason to justify the absence of a search warrant. A search without a warrant demands exceptional circumstances * * *." In the more recent case of *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 29 L. Ed. 2d 564, 91 S. Ct. 2022, the court quoted the general rule established in *Katz v. United States* (1967), 389 U.S. 347, 19 L. Ed. 2d 576, 88 S. Ct. 507:

> "Thus the most basic constitutional rule in this area is that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment subject only to a few specifically established and well-delineated exceptions.' " (403 U.S. 443, 454-55, 29 L. Ed. 2d 564, 576, 91 S. Ct. 2022.)

Mere suspicion is not sufficient to establish probable cause. *In re Brewer* (1974), 24 Ill. App. 3d 330.

It is clear the officer was not entitled to make a protective search pursuant to the Illinois "Stop and Frisk" statute (Ill. Rev. Stat. 1973, ch. 38, par. 107—14), which expressly provides that the stop must occur in a public place. We do not believe the front stoop of the defendant's home, where the officer testified the search took place, is a public place within the meaning of the statute. It is also clear from the testimony of the officer that the defendant did not consent to the search.

■■ We must therefore conclude that the weapon was produced by an illegal search and should not have been admitted into evidence at trial. (*Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d 441, 83 S. Ct. 407.) We reach this conclusion despite the failure of the defendant's counsel to make a motion to suppress or object to the introduction of the weapon into evidence on the basis that there was plain error. The doctrine of waiver, argued by the State, is one of administrative convenience and not of jurisdiction or power, and reviewing courts will consider errors not properly preserved in a criminal case where their nature is such as to deprive an accused of his constitutional rights. *People v. Burson* (1957), 11 Ill. 2d 360; *People v. Weinstein* (1966), 35 Ill. 2d 457; *People v. Rodriguez* (1967), 79 Ill. App. 2d 26; Supreme Court Rule 615(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 615(a)).

For the foregoing reasons, the convictions on all three counts are reversed.

Reversed.

JOHNSON, P. J., and BURMAN, J., concur.