THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OSCAR COLEMAN, Defendant-Appellant.

First District (4th Division)   No. 77-1198

Opinion filed August 10, 1978.

James J. Doherty, Public Defender, of Chicago (Robert T. Badesch, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and Renee Goldfarb, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

Defendant Oscar Coleman was convicted of unlawful possession of a motor vehicle (Ill. Rev. Stat. 1973, ch. 95½, par. 4—103(a)) after a bench trial, and he was sentenced to a term of five years probation with the first six months to be served in the Cook County Jail. A co-defendant, Robert Calhoun, was sentenced to a term of one to three years.* The issues presented for review are whether defendant was proved guilty beyond a reasonable doubt and whether the court erred in denying defendant's motion to quash the arrest and suppress identification evidence.

The complainant, Andrean Spyropoulos, testified he is the owner of Cartons Restaurant at 900 North Rush Street in Chicago, Illinois. At about 6:30 a.m. on March 15, 1975, he left his restaurant after working 20 consecutive hours and approached his car, located on Delaware about one-half block from Rush Street. He saw two men, whom he identified as defendants Coleman and Calhoun, talking on the sidewalk behind his car. The complainant got into his car and started it but returned to the restaurant to close the back door. After closing the door, he saw his car pulling out into the street. Coleman was driving and Calhoun was in the front passenger seat. The complainant testified he ran into the street, blocking the car, and yelled for a policeman who was near the restaurant. Both defendants got out of the car and ran. He and the officer chased Calhoun south on State Street, as Coleman ran west on Delaware. Calhoun was arrested at Pearson and State, and about three minutes later another police unit brought Coleman who was wearing a black jacket.

Officer Robert Hanson testified that when the complainant yelled, he saw both defendants get out of the car and run toward State Street. Calhoun turned south on State, and Coleman continued west on Delaware. Hanson stated he chased Calhoun and apprehended him at Pearson and State. He identified Coleman, when he was brought back in a squad car, as the same man he had seen getting out of the driver's side of the car.

Hanson testified he broadcast a description of Coleman just after the men alighted from the car, but he did not recall the exact message or description that he radioed.

---

* The co-defendant is not a party to this appeal.

Officer Theodore Sullivan testified he arrested defendant, who was walking west on Oak Street at Franklin. Defendant was breathing heavily, and he was wearing a black leather jacket, a lilac-colored shirt and dark pants. He then transported Coleman to a location at Rush and Delaware Streets where Officer Hanson and the complainant immediately identified him.

Sullivan testified that when he first received the radio message he was in the vicinity of Sedgwick and Division, approximately six blocks from the arrest, and stated he located defendant "several minutes" after receiving the flash message.

He filled out an arrest report in which he indicated the time of the arrest as 6:25 a.m. and indicated the time defendant was transported to the lockup as 6:35. However, he testified that those times were approximations. The report also indicated defendant was wearing a brown leather jacket, a violet shirt and blue jeans.

When asked on cross-examination if the description of the man wanted was that of a male Negro, approximately 5 feet 6 inches tall, with dark, curly hair, dark clothing and a dark coat, the officer replied, "Not to my recollection, no, sir." In reviewing the streets between the scene of the arrest and the place of the incident, the officer agreed that they were eight blocks apart.

It was stipulated that, if called, Officer Hardy would testify that on March 15 he filled out a radio dispatch card which indicated it was made at 6:31 a.m. The card also indicated the man wanted was a male Negro, 5 feet 6 inches tall, with dark, curly hair, dark clothing and a dark coat.

Defendant Coleman testified he left his home at 412 West Chicago Avenue at 5:30 a.m. to go to work at Manpower, located at Chicago and La Salle. He had an epileptic seizure on the way to work and stayed there for just 5 or 10 minutes before starting for a restaurant located at Clark and Division. After he had walked about five blocks, he felt another attack coming on and turned around and walked back to Franklin and Oak, where he was stopped by the police. He testified he was wearing a brown leather jacket, blue jeans and a shirt. He stated he was breathing heavily because of the effects of the seizure. He denied trying to steal the complainant's car and denied knowing Calhoun.

When he was arrested, he asked the officers to take him to a hospital. He stated he had been an epileptic for 16 years and took medication for his condition.

Robert Calhoun testified he had just come out of a restaurant on State Street about one-half block from Pearson when he was arrested. He denied having been at Delaware and Rush and denied having seen Coleman before that day.

Defendant first contends he was not proved guilty beyond a reasonable

doubt. He argues it was a physical impossibility for him to have committed the crime, given the time and location of his arrest. He asserts he was arrested one mile from the scene of the crime just four minutes after it was committed. Defendant places the time of the crime at 6:31 a.m., relying on the time indicated on the dispatch card, and places the time of his arrest at 6:35 a.m., the latest time testified to by the police officers. He was arrested eight blocks from the scene of the crime, and he asserts that those eight blocks constituted a distance of one mile. Defendant concludes it would be impossible for him to run one mile in just four minutes.

Defendant also argues the complainant could not be sure of his identification because of his tired condition and asserts the complainant's testimony that the man was wearing a black jacket was inconsistent with the police report which indicated his jacket was brown.

After reviewing the record, it is apparent that times relied on by defendant were mere approximations and the time period cannot be limited to four minutes. Defendant's contention that the eight blocks constituted a mile is also mere speculation. There is some evidence that the blocks referred to here were not one-eighth of a mile in length. Defendant lived in the 400 block of West Chicago Avenue, which is just over one-half mile west of the scene of the crime, but he testified that the arrest took place east of there which would appear to lessen the distance that defendant claims existed between his arrest and the occurrence.

■■ The record also shows that defendant was positively identified by both the complainant and Officer Hanson. The complainant had two opportunities for viewing defendant; the first was when he approached his car and saw Coleman and Calhoun talking on the sidewalk, and the second was when both men fled from the car. Furthermore, Officer Hanson and the complainant were able to verify their identifications shortly thereafter, when defendant was brought back to the scene. We do not believe the description of defendant's jacket as being black or brown is a material factor, and find that the defendant was proved guilty beyond a reasonable doubt.

Defendant next contends the court erred in denying his motion to quash the arrest and suppress the identification testimony. He argues the arrest was based solely on the general description contained in the dispatch card which was stipulated into evidence. That card indicated the person sought was a male Negro, 5 feet 6 inches tall, with dark, curly hair, wearing dark clothing and a dark coat. Defendant relies on *In re Woods* (1974), 20 Ill. App. 3d 641, 314 N.E.2d 606, in which the court held that a general description is insufficient to provide probable cause to justify an arrest unless it is supported by other facts and circumstances known to the arresting officer.

In the absence of a warrant, an arrest may be made when the officer has reasonable grounds to believe that the person is committing or has committed an offense. (Ill. Rev. Stat. 1973, ch. 38, par. 107—2.) Whether probable cause for arrest exists in a particular case depends upon the totality of the facts and circumstances known to the officer when the arrest is made. (*People v. Clay* (1973), 55 Ill. 2d 501, 504, 505, 304 N.E.2d 280; *People v. Gwin* (1971), 49 Ill. 2d 255, 258, 274 N.E.2d 483.) In deciding the question of probable cause, the courts are not disposed to be unduly technical and the determination is made based on the factual and practical considerations of everyday life on which reasonable men, not legal technicians, act. (*Draper v. United States* (1959), 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329; *People v. Clay.*) The information upon which an arrest may be made is less than is necessary to secure conviction. *People v. Johnson* (1973), 15 Ill. App. 3d 741, 744, 305 N.E.2d 208; *People v. Novak* (1965), 33 Ill. 2d 343, 346, 211 N.E.2d 235, *cert. denied* (1966), 384 U.S. 1016, 16 L. Ed. 2d 1037, 86 S. Ct. 1980.

■■ In this case Officer Sullivan disputed that the description contained in the dispatch card was the same one he had received; nevertheless, even if that were the description given, there were sufficient additional facts and circumstances which justify the arrest. Officer Sullivan knew from the flash message that a crime had been committed in the area where defendant was arrested, there were no other individuals in the vicinity and defendant was breathing heavily. (See *People v. Hobson* (1971), 1 Ill. App. 3d 512, 515, 275 N.E.2d 272, and *People v. Pruitt* (1974), 16 Ill. App. 3d 930, 940, 307 N.E.2d 142.) We find that the officer had probable cause to arrest defendant, and the motion to quash the arrest and suppress evidence was properly denied.

Accordingly, the judgment of the circuit court pertaining to Oscar Coleman is affirmed.

Judgment affirmed.

LINN and ROMITI, JJ., concur.