THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
MICHAEL MITCHELL, Defendant-Appellant.

Fourth District   No. 15526

Opinion filed November 28, 1979.

852

Richard J. Wilson and Gary Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (Marc D. Towler and Karen L. Boyaris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Michael Mitchell appeals from judgments of the circuit court of Morgan County entered (1) on February 14, 1979, convicting him of the offense of unlawful possession of a hypodermic syringe (Ill. Rev. Stat. 1977, ch. 38, par. 22—50) and (2) on March 8, 1979, sentencing him to 1 year of probation conditioned upon payment of a fine of $400 and serving 60 days imprisonment in the county jail during the last portion of the probation.

Defendant was arrested by law enforcement officers who searched him and found in his possession an object which the jury could have concluded from the evidence to be a hypodermic syringe. The thrust of defendant's argument arises from his contention, raised for the first time on appeal, that the evidence was obtained as the result of an unlawful search and seizure performed in violation of his fourth amendment rights. No motion to suppress was made at trial nor was any objection made to its admission into evidence. Defendant also cites his trial counsel's failure to move to suppress the evidence as incompetence which deprived defendant of his right to effective assistance of counsel. Lastly, defendant contends that the prosecutor's closing argument deprived him of a fair trial.

The prosecution commenced its presentation of its case in chief before the jury by testimony of Deputy Sheriff Mike Ryan that a manager of a local business establishment had phoned him asking him to investigate a drug problem at his factory. Ryan stated that he then went to the factory and talked to the manager who stated that he wished to talk

with Ryan about defendant's involvement in drugs. At this point, defense counsel objected on the grounds of hearsay. The prosecutor said that he wished to put on the evidence to explain the later actions of the deputies and stated that he would not go very deeply into the conversation between Ryan and the plant manager. The court then overruled the objection letting the testimony stand to show "the reason for the investigation." Ryan then testified that the manager told him "that a complaint had been filed by another employee, that Mr. Mitchell had shown her a hypodermic syringe." Ryan then stated that he found out that defendant would be on the second shift which started at about 3 p.m. and directed three detectives to investigate the matter. No claim has been made that admission of the foregoing hearsay was error.

Subsequently three detectives from the sheriff's department testified to seeing defendant arrive at the plant, stopping him, searching him and discovering the hypodermic syringe in his possession. Although it would appear unlikely that an arrest warrant had been issued for defendant, the testimony is silent as to whether this was the case. The testimony is also silent as to whether further investigation was made by the sheriff's department or as to whether it had further incriminating information about defendant.

■■ Obviously, the prosecution is ordinarily not required to make proof of the reasonableness of the seizure of evidence that it introduces unless that question is raised by a defense motion to suppress. In *People v. Willis* (1976), 39 Ill. App. 3d 905, 351 N.E.2d 330, although a motion to suppress had not been made, the appellate court determined upon the basis of the evidence presented at trial that the admission of certain evidence was plain error because it had resulted from an invalid search. Here the defendant's contentions are based upon the evidence the State was permitted to introduce, upon its promise not to delve deeply, to show the reasons for the deputies' information. The limits imposed upon this proof indicate it was not intended to be exhaustive. The question of whether the officers had a warrant was not answered with certainty. Whether the plant manager gave the name of the person complaining of defendant to Deputy Ryan was a significant point (*People v. Martin* (1977), 46 Ill. App. 3d 943, 361 N.E.2d 595), but the record is not certain in that respect either. We cannot say what the full evidence might have been had a defense motion to suppress required the State to justify the search and seizure.

■■■ In the posture of this case we do not deem it proper to pass upon the validity of the search. As the failure of counsel to make a motion to suppress is not *per se* incompetence of counsel but depends on the circumstances (*People v. Harter* (1972), 4 Ill. App. 3d 772, 282 N.E.2d 10), we do not see how that question can be answered on the basis of this record. If the evidence was such that the motion would be unavailing, the

failure to make it would not be incompetence. We thus conclude that the fourth amendment question of the validity of the search and the sixth amendment question of the adequacy of counsel are not properly before us and we do not pass upon them. If they are supported by sufficient evidence, they can be raised by a post-conviction petition pursuant to which a full hearing can be held and all material and relevant evidence presented.

■ We do not deem any impropriety in the State's closing argument to be reversible error. Twice the prosecutor referred to the syringe and a vial found on defendant's person as equipment he used to "shoot up with." As these assumptions were highly conjectural and not based on direct evidence, they were improper. However, unlike in *People v. Beier* (1963), 29 Ill. 2d 511, 194 N.E.2d 280, and *People v. Rothe* (1934), 358 Ill. 52, 192 N.E. 777, where reversible error was held to have occurred by similarly improper statements, here objections to the remarks were sustained by the trial court. The impropriety was not as gross as in *People v. Cepek* (1934), 357 Ill. 560, 192 N.E. 573, where the court awarded a new trial even though objections to the remarks had been sustained.

For the reasons stated, we affirm.

Affirmed.

MILLS and TRAPP, JJ., concur.