THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KEVIN GRAY, Defendant-Appellant.

Third District    No. 79-472

Opinion filed May 5, 1981.

Kenneth A. Grnacek, of Joliet, and Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita F. Kennedy, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

This appeal was brought by the defendant, Kevin Gray, from a conviction for unlawful possession of a controlled substance. Three issues are presented for review: (1) whether there was sufficient probable cause for defendant's arrest; (2) whether defendant was denied effective assistance of counsel; (3) that in the event the defendant's conviction is affirmed, whether defendant's fine must be reduced so as to reflect a $5-a-day credit for pretrial jail time.

With respect to defendant's first issue raised on appeal, defendant contends that probable cause did not exist for his arrest and if the arrest was unlawful, the cocaine found on his person should have been suppressed.

The facts which led to the defendant's arrest are as follows: Officer Whitledge, the arresting officer, testified that on February 15, 1979, he received a radio message to go to the 3000 block of Trewyn Street, Peoria, Illinois, to investigate an accident. When he arrived there he was met by a Mr. Mayberry, who told Officer Whitledge that his neighbor (the defendant) had backed into his car about 20 minutes before the officer

arrived. Mr. Mayberry informed Officer Whitledge that he did not see the accident, but had been told by a Mr. Evans, a visitor in the home of another neighbor, what had occurred. Officer Whitledge then asked Mr. Mayberry to go to the neighbor's door and ask the neighbor to step outside to fill out the required accident report.

After the conversation with Mr. Mayberry, Officer Whitledge walked over to the defendant's truck and looked inside. He observed two open beer bottles in plain view. When he smelled the bottles, they smelled like beer. Officer Whitledge also checked the license plate of the truck and it was registered to the defendant.

Mrs. Gray then came outside in response to Mr. Mayberry's summons. Officer Whitledge told her that he had reason to believe that her husband's truck had backed ino a neighbor's car. Mrs. Gray said words to the effect, "He probably did, we are not disputing that fact." She also told the officer that her husband had arrived home approximately 20 minutes before the officer had arrived. Mrs. Gray went into her residence a total of three times to obtain information necessary for the officer to complete the traffic report. Mrs. Gray furnished Officer Whitledge with her husband's driving permit. Officer Whitledge noted that her husband, the defendant, was only allowed to drive during certain hours and that the permit was not in effect at the time of the accident. When the defendant finally came outside and spoke to Officer Whitledge in a slurred voice, Officer Whitledge arrested him for driving without a valid license and for illegal transportation of open liquor. Officer Whitledge patted him down for a weapon, handcuffed him, and placed him in the rear of Whitledge's squad car.

Mrs. Gray, the defendant's wife, testified in his behalf at the hearing on the motion to suppress evidence. She stated that she told Officer Whitledge that she was not driving the truck. When Officer Whitledge asked her if her husband had hit the neighbor's car, she showed Officer Whitledge the tire tracks and ice where the truck had been stuck. She also told the officer that they might have hit the truck, but she did not know since she had been inside and did not see the accident. Mrs. Gray admitted on cross-examination that she told Officer Whitledge that her husband had arrived home in the truck approximately 20 minutes before Officer Whitledge arrived. She also agreed that she gave Officer Whitledge her husband's driving permit which showed the hours during which he was allowed to drive.

■■ We believe upon review of the totality of the circumstances that Officer Whitledge had probable cause to arrest the defendant for driving with a revoked license. Mr. Mayberry told Officer Whitledge that the neighbor backed into his car about 20 minutes earlier. Although he did not state the defendant's name, Mr. Mayberry went to the defendant's door

when the officer asked him to contact the neighbor. The truck which struck the neighbor's car was parked in the defendant's driveway and was registered to the defendant. The defendant's wife told Officer Whitledge that she was not driving the truck and that her husband arrived home in the truck 20 minutes earlier. She also showed Officer Whitledge her husband's permit to drive, and the officer ascertained that it was not valid at the time of the incident. Based on the information that he received from Mr. Mayberry, the information that he received from the defendant's wife, and the information he received regarding the truck's registration to the defendant, Officer Whitledge properly arrested the defendant for driving with a revoked driver's license.

Officer Whitledge also had probable cause to arrest the defendant for illegal transportation of open liquor. *People v. Zeller* (1977), 51 Ill. App. 3d 935, 367 N.E.2d 488, is analogous to the instant case. In *Zeller*, the police officer observed a can of beer and a puddle in the front part of a car. The officer did not detect the odor of alcohol. No alcohol was found in the back seat of the car. The defendant, who was a passenger in the rear seat of the car, was arrested for illegal transportation of open liquor. On appeal, he contended that his arrest was improper because the liquor was in the front of the car and the evidence was insufficient to support his conviction. This court pointed out that the offense of transporting open liquor applies to passengers as well as drivers. This court held that there was probable cause to arrest the rear passenger defendant since "the test of probable cause for arrest is not whether the officer reasonably believes there is a likelihood of ultimate conviction." *People v. Zeller* (1977), 51 Ill. App. 3d 935, 938, 367 N.E.2d 488, 491.

Similarly, in the case at bar, the test for probable cause is not whether the defendant would have been convicted. The officer testified that he observed two open beer bottles that smelled of alcohol. Although the officer did not testify that liquid remained in the bottles, he was not asked if it did. Since the only issue is probable cause and not ultimate conviction, this testimony was clearly sufficient to support a finding of probable cause at the hearing on the motion to suppress evidence.

The trial court properly denied the defendant's motion to suppress evidence based on the testimony presented at the suppression hearing.

It is an accepted rule of law that a trial court's findings of fact, in connection with a motion to suppress evidence, should not be disturbed on appeal unless they are manifestly erroneous. The test to determine whether probable cause exists is if the known facts would justify a reasonable, prudent person in believing that a crime was committed and that the person to be arrested committed the offense. (*People v. Ruffolo* (1978), 64 Ill. App. 3d 151, 380 N.E.2d 1204; *People v. Thornton* (1977), 47 Ill. App. 3d 604, 365 N.E.2d 6.) In deciding whether probable cause

existed based on those facts the courts are not disposed to be unduly technical, and their determination is made based on the factual and practical considerations of everyday life on which reasonable men, not legal technicians act. *People v. Clay* (1973), 55 Ill. 2d 501, 304 N.E.2d 280; *People v. Coleman* (1977), 50 Ill. App. 3d 1053, 364 N.E.2d 742; *People v. Coleman* (1978), 63 Ill. App. 3d 814, 380 N.E.2d 829.

■■ With respect to defendant's second issue raised on appeal, *i.e.*, that he was denied effective assistance of counsel due to the fact that his privately retained attorney failed to include in his motion to suppress the issue whether the police had the authority to open a packet of narcotics taken from the defendant's pocket, we note the following factual backdrop.

Officer Bonacum was detailed to watch the defendant while Officer Whitledge completed the accident report. Officer Bonacum testified that she observed the defendant in the back of the squad car. The defendant's hands were handcuffed behind him. She observed him straighten out his legs so that he was almost in a standing position and reach toward his rear pocket. Officer Bonacum informed Officer Whitledge of the defendant's activities. She stated that he appeared to be trying to remove something from his pocket.

Officer Whitledge testified that he removed the defendant from the squad car and removed a small leather pouch or packet from the defendant's rear pocket. Inside the packet was drug paraphernalia including a razor blade and a white, powdery substance, which was later chemically tested and found to contain cocaine. Officer Whitledge further testified that he had worked in the undercover vice and drug unit of the Peoria Police Department and that the defendant's pouch was similar to other pouches that he had encountered in the course of his experience as an undercover narcotics officer.

Officer Whitledge's action in seizing the defendant's pouch or packet was justified for the officers' protection. Since the defendant was sitting in the rear of Whitledge's squad car and was making furtive movements toward his pocket, Officer Whitledge was justified in removing any objects contained in the defendant's pockets. Although no weapon was visible when the officer removed the packet, he was justified in looking inside the packet to determine what was in fact present. Since a razor blade was actually found, the pouch was obviously large enough to contain a weapon.

Officer Whitledge's action in opening the packet was also proper to discover the fruits of a crime. The instant factual situation is similar to that presented in *People v. Holloman* (1970), 46 Ill. 2d 311, 263 N.E.2d 7. In *Holloman* the defendant was stopped for a traffic violation and was unable to produce a driver's license or motor vehicle registration papers. When the defendant began "backing away" from the officers, he was

placed under arrest. An envelope containing a hard object was found in the small of the defendant's back. The supreme court held that the officers properly opened the envelope which contained heroin based on the defendant's furtive behavior and the location of the envelope. Similarly, Officer Whitledge properly opened the packet which he removed from the defendant's pocket since the defendant's acts prior to the removal were obvious attempts to discard it.

The defendant argues that he was denied effective assistance of counsel because private counsel failed to file a motion to suppress the evidence based on the illegal search of the packet found on the defendant's person.

■■ In *People v. Hills* (1979), 71 Ill. App. 3d 461, 389 N.E.2d 873, *conviction aff'd, sentence rev'd* (1980), 78 Ill. 2d 500, 401 N.E.2d 523, this court held that the accepted standard in determining the competency of counsel is that stated in *People v. Goerger* (1972), 52 Ill. 2d 403, 409, 288 N.E.2d 416, 419, as follows:

> "In order to establish lack of competent representation at trial, it is necessary to demonstrate 'actual incompetence of counsel, as reflected by the manner of carrying out his duties as trial attorney' which results in substantial prejudice without which the outcome would probably have been different."

When counsel is privately retained by a defendant, the defendant's conviction cannot be reversed because of counsel's incompetence unless the representation was of such a low caliber as to amount to no representation at all or to reduce the court proceedings to a farce or a sham. *People v. Bitner* (1980), 89 Ill. App. 3d 1106, 412 N.E.2d 721.

In determining the competency of counsel, it is necessary to examine the entire record. It is apparent in the instant case that counsel interviewed witnesses and examined discovery prior to the hearing on the motion to suppress evidence. Trial counsel filed a motion to suppress evidence which alleged an illegal arrest of the defendant. At the hearing on the motion to suppress evidence, counsel requested a continuance so that he could obtain a transcript of the preliminary hearing to use in examining Officer Whitledge. The continuance was granted and counsel effectively examined Officer Whitledge at the motion to suppress evidence. Defense counsel also successfully objected to many of the prosecutor's questions during the course of trial. Trial counsel also effectively examined and cross-examined witnesses during the course of the trial.

■■ Failure of counsel to file a motion to suppress evidence is not *per se* incompetence. (*People v. Mitchell* (1979), 78 Ill. App. 3d 851, 397 N.E.2d 569.) Defense counsel has no duty to advance specious claims of constitutional deprivation. (*People v. Ruple* (1980), 82 Ill. App. 3d 781, 403 N.E.2d 129.) A search incident to arrest is authorized to protect the

arresting officer from attack, to prevent a prisoner from escaping, or to discover the fruits of a crime. (*People v. Jefferies* (1972), 6 Ill. App. 3d 648, 285 N.E.2d 592.) A full-scale search incident to arrest is proper if the defendant's actions or the location of a "bulge" indicates an attempt by the defendant to conceal contraband. *People v. Hayes* (1973), 55 Ill. 2d 78, 302 N.E.2d 37; *People v. White* (1977), 51 Ill. App. 3d 155, 366 N.E.2d 491.

The defendant further contends that if this court determines that private counsel's failure to object to the opening of the packet did not constitute ineffective assistance of counsel, then the plain error doctrine should be applied.

The People contend that the defendant waived any right to object to the opening of the packet and that the opening of the packet was proper.

This court has consistently held that the defendant must bring alleged errors to the trial court's attention so that the trial court can correct them. If the defendant fails to do so, the issue is deemed waived. *People v. Guynn* (1975), 33 Ill. App. 3d 736, 338 N.E.2d 239; *People v. Ruple* (1980), 82 Ill. App. 3d 781, 403 N.E.2d 129.

The instant factual situation is analogous to that presented in *Ruple*. In *Ruple*, the defendant contended that appointed counsel was ineffective for failing to file a motion to suppress evidence and a confession based on an illegal arrest. This court held that the defendant waived any right to challenge the arrest by failing to object at the trial level. This court pointed out that the State would then have had an opportunity to present additional evidence to justify the arrest.

Similarly, the instant defendant failed to challenge the propriety of Officer Whitledge's opening of the packet at the trial level. If the defendant had done so, Officer Whitledge could have explained why he opened the packet. For all we know he may have suspected a razor blade was present or recognized the pouch as being specially made for drug paraphernalia. By failing to object at the trial level, the defendant has thus prevented the State from introducing additional evidence to support the opening and has waived any right to challenge Officer Whitledge's opening of the packet.

Finally, defendant contends that he should have been given a $5-a-day credit for the two days he spent in jail prior to trial. (Ill. Rev. Stat. 1977, ch. 38, par. 110—14.) We agree. Defendant's sentence, specifically the fine imposed, is hereby modified to reflect a $10 credit towards payment of his fine.

Judgment and conviction affirmed and sentence modified with regard to fine imposed.

ALLOY and HEIPLE, JJ., concur.