972 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew WALKER, Plaintiff-Appellant,
v.
W.D. TAYLOR, Defendant-Appellee.
 No. 91-3445.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 22, 1992.*
Decided Aug. 13, 1992.
 
 Before EASTERBROOK and KANNE, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Plaintiff Andrew Walker is a prisoner at the United States Penitentiary in Marion, Illinois. He brought this pro se Bivens action alleging that his correctional counselor, W.D. Taylor, violated his Fifth Amendment due process rights by refusing to supply him with an administrative remedy form. The district court granted defendant Taylor's Motion to Dismiss or in the Alternative Motion for Summary Judgment on grounds that Walker failed to allege a constitutional violation and that Taylor was entitled to qualified immunity. We affirm.
 
 Analysis
 
 2
 We review the district court's entry of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party. New Burnham Homes, Inc. v. Village of Burnham, 910 F.2d 1474, 1477 (7th Cir.1990). Summary judgment is appropriate when there is no genuine issue as to any material fact and the record shows that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Although the burden is on the moving party to demonstrate an absence of evidence to support the non-moving party's case, Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-moving party must set forth specific facts to show that trial is warranted as to the essential elements of his claim. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 249 (1986).
 
 
 3
 Walker alleges that he discovered that his prison account had not been charged for a copy, that he requested a form "BP-8" from Taylor and was refused. The BP-8 form is an informal resolution form which is required to start the administrative process. He claims that this constitutes a due process violation because he was deprived his administrative remedy procedures under 28 C.F.R. § 542.10 et seq. These regulations outline the procedures to be followed where a prisoner has a complaint relating to his imprisonment. In opposing Taylor's motion, Walker submitted his own affidavit, affidavits of other prisoners claiming that Taylor refused to provide them with BP-8 forms, and documents pertaining to unrelated complaints he has registered with prison officials.
 
 
 4
 In his affidavit, Taylor denies that he has ever refused any inmate a BP-8 form. However, this disagreement does not constitute a dispute over material facts. A material fact is one which potentially affects the outcome of the case. Anderson, 477 U.S. at 249. Even if Taylor did refuse to provide Walker with a BP-8 form and failed to follow proper procedures under 28 C.F.R. § 542.10 et seq., this does not support a cause of action under the due process clause of the Fifth Amendment. It is well-settled that there is no liberty or property interest in procedures themselves. Fleury v. Clayton, 847 F.2d 1229, 1231 (7th Cir.1988). Moreover, there is no authority which holds that § 28 C.F.R. 541.10 et seq. provides a constitutionally protected right. Walker has not suffered a deprivation of liberty or property which would entitle him to due process. Consequently, Taylor was entitled to judgment as a matter of law.
 
 
 5
 On appeal Walker argues that prisoners have a protected interest in their prison account funds, and that therefore he was entitled to due process to protect that interest. Walker did not raise this argument before the before the district court, and we will not consider arguments made for the first time on appeal. Amplicon Leasing v. Coachmen Industries, Inc., 910 F.2d 468, 471 (7th Cir.1990). Moreover, in the district court, Walker contended that he was seeking a BP-8 form because his account was undercharged, not because he was deprived of funds in his account. Walker concedes in his reply brief that the sole issue on appeal is whether he was deprived his administrative remedy.
 
 
 6
 Even if Walker's account had been overcharged and he had appropriated raised this issue before the district court, Taylor would be entitled to qualified immunity. Qualified immunity protects government officials performing discretionary tasks unless their conduct "violates clearly established statutory or constitutional rights of which a reasonable person would have known." Auriemma v. Rice, 910 F.2d 1449, 1452 (7th Cir.1990), cert. denied 111 S.Ct. 2796 (1991). The plaintiff bears the burden of demonstrating the allegedly clearly established right. Fernandez v. Perez, 937 F.2d 368, 370 (7th Cir.1991). Because § 28 C.F.R. 541.10 et seq. does not provide a constitutionally protected right, Taylor is entitled to qualified immunity.
 
 
 7
 Accordingly, the decision of the district court granting defendant Taylor's Motion to Dismiss or in the Alternative Motion for Summary Judgment is
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record